# NORMA A. BORRETT

9200 Los Puentes Road, Newcastle, CA 95658 | (916)626-9281 | norma_borrett@yahoo.com

**Tuesday March 4, 2024**

Clerk of the Court
US District Court
501 I Street
Suite 4-200
Sacramento, CA 95814

**FILED**

MAR 06 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
              DEPUTY CLERK

Dear Clerk of the Court:

Re: Borrett V. Horizon Charter Schools, Case Nos. 2:15-cv-00881 GEB – DAD; 2:15-cv-0881 GEB CKD PS (TEMP); 2:15-cv-00881- DB; 2:15-cv-0881-CKD

In November 2023, I found an online publication from Casetext.com [encl.] purporting to present a legal opinion in the above case. The account is inaccurate, misleading and, in my opinion, constitutes a breach of the Settlement Agreement that was made between the parties on August 5, 2016 (Docket 41).

This case came to Court by way of the Department of Fair Employment & Housing (DFEH No. 201193-84917; EEOC No. 37A-2014-01721-C). A Right to Sue Notice was issued to me on January 28, 2015.

Given that the defendant did not dispute claims made under Title VII of the Civil Rights Act and the Equal Pay Act of 1963, it would seem, in retrospect, that their settlement could well be framed as the release of rightfully earned employee compensation.

Moreover, it could be said that the defendant obtained their absolute immunity, not by legal statute, but through the Settlement Agreement that was drawn up in August 2016, which included a "(11) Mutual Non-Disparagement" clause, and cited the U.S. District Court, Eastern District of California, Sacramento branch as the "(14) Venue in the Event of a Breach".

So, I am bringing this matter to the attention of the court and would ask to be advised as to any recourse I may have as the Plaintiff in this matter. My wish is to correct the record and to address the damage that this is perpetuating.

Thank you for your timely consideration.


Sincerely,

*[signature]*
Norma A. Borrett

2

# Borrett v. Horizon Charter Schools

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA   Nov 24, 2015

No. 2:15-cv-0881 GEB CKD PS (TEMP) (E.D. Cal. Nov. 24, 2015)

No. 2:15-cv-0881 GEB CKD PS (TEMP)

11-24-2015

NORMA A. BORRETT, Plaintiff, v. HORIZON CHARTER SCHOOLS, Defendant.

CAROLYN K. DELANEY UNITED STATES MAGISTRATE JUDGE

## FINDINGS AND RECOMMENDATIONS

This matter came before the court on October 9, 2015, for hearing of defendant's motion to dismiss plaintiff Norma Borrett's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Attorney Daniel Jay appeared on behalf of Defendant Horizon Charter Schools ("Horizon"). Plaintiff Norma Borrett appeared on her own behalf. After hearing oral argument, defendant's motion was taken under submission.

[1] On November 6, 2015, this action was reassigned from the previously assigned Magistrate Judge to the undersigned. (Dkt. No. 22.)

For the reasons stated below, the undersigned will recommend that defendant's motion to dismiss be granted. *2

## BACKGROUND

Plaintiff commenced this action on April 24, 2015, by paying the required filing fee and filing a complaint.[2] (Dkt. No. 1.) On July 1, 2015 defendant filed a motion to dismiss. (Dkt. No. 11.) On July 28, 2015, plaintiff filed an amended complaint. (Dkt. No. 13.) On August 7, 2015, the previously assigned Magistrate Judge issued an order granting defendant's motion to dismiss, granting plaintiff leave to file an amended complaint, deeming the amended complaint filed July 28, 2015 the operative pleading and ordering defendant to file a response to the amended complaint. (Dkt. No. 15.)

[2] Plaintiff is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On August 28, 2015, defendant filed the motion to dismiss now pending before the court. (Dkt. No. 17.) Defendant filed a reply on October 2, 2015, (Dkt. No. 18), and plaintiff filed an untimely opposition that same day. (Dkt. No. 19.) Plaintiff also filed a supplemental response on October 16, 2015. (Dkt. No. 21.)

## STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less *3 stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. See also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

Plaintiff's amended complaint alleges that she is employed by the defendant, Horizon Charter Schools, ("Horizon"), "an Independent Study Charter school of Western Placer Unified District," as a teacher and that Horizon discriminated against plaintiff in several respects, including employment misclassification, unequal pay and defamation, due to plaintiff's race. (Am Compl. (Dkt. No. 13) at 12.[3]) The amended complaint asserts claims for violation of Title VII, 42 U.S.C. § 1983, the Equal Pay Act of 1963, and several California state law claims, while seeking "damages."[4] (Id. at 12.) Defendant's motion seeks dismissal of the amended complaint's *4 claims for violation of 42 U.S.C. § 1983 and California state law on the grounds that Horizon, a charter school of Western Placer Unified School District, is entitled to Eleventh Amendment immunity.[5] (Def.'s MTD (Dkt. No. 17-1) at 3-4.)

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4] Although the amended complaint also states that plaintiff seeks "injunctive relief," (Am. Compl. (Dkt. No. 13) at 12), that is the extent of the amended complaint's discussion of injunctive relief. See C.W. v. Capistrano Unified School Dist., 784 F.3d 1237, 1248 (9th Cir.

In general, the Eleventh Amendment bars suits against the state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). See also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192. *5

The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

School districts in California are state agencies for purposes of the Eleventh Amendment. See Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 251-54 (9th Cir. 1992). Accordingly, "school districts in California are immune from § 1983 claims by virtue of Eleventh Amendment immunity." Corales v. Bennett, 567 F.3d 554, 573 (9th Cir. 2009) (citing Belanger, 963 F.2d at 254). See also C.W. v. Capistrano Unified School Dist., 784 F.3d 1237, 1247 (9th Cir. 2015) ("It is well-established that a school district cannot be sued for damages under § 1983."); Jones ex rel. C.J. v. Beverly Hills Unified Sch. Dist., 505 Fed. Appx. 667, 668 (9th Cir. 2013) ("To the extent that Jones alleged § 1983 claims in the operative complaint, dismissal of those claims was proper because they are barred by the Eleventh Amendment.")[6]; Cole v. Oroville Union High School Dist., 228 F.3d 1092, 1100 (9th Cir. 2000) ("California school districts are state agencies and thus immune from damage suits under the Eleventh Amendment.").

> [6] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b). --------

For this same reason, school districts in California are also immune from state law claims brought in federal court. See Corales, 567 F.3d at 573 (state civil rights claims brought in federal court barred by Eleventh Amendment); Stanley v. Trustees of California State University, 433 F.3d 1129, 1134 (9th Cir. 2006) ("State sovereign immunity bars all of Stanley's state law claims."); Marketing Information Masters, Inc. v. Board of Trustees of

under supplemental jurisdiction.").

At the October 9, 2015 hearing, plaintiff asserted that charter schools are treated differently than traditional schools and, therefore, are not protected by Eleventh Amendment *6 immunity. Plaintiff, however, has been unable to provide the court with any authority supporting that assertion. Moreover, the only authority found by the undersigned contradicts plaintiff's assertion. See U.S. v. Minnesota Transitions Charter Schools, 50 F.Supp.3d 1106, 1117 (D. Minn. 2014) ("in California, school districts and charter schools are entitled to Eleventh Amendment immunity"); J.C. by and through W.P v. Cambrian School District, Case No. 12-cv-3513-WHO, 2014 WL 229892, at *5 (N.D. Cal. Jan. 21, 2014) ("California charter schools and their officials are entitled to Eleventh Amendment immunity"); Doe ex rel. Kristen D. v. Willits Unified School Dist., No. C 09-3655 JSW, 2010 WL 890158, at *7 (N.D. Cal. Mar. 8, 2010) ("charter schools, like school districts, are considered 'arms of the state'"). See generally Wilson v. State Bd. of Educ., 75 Cal.App.4th 1125, 1139 (1999) ("charter schools are public schools because . . . charter schools are part of the public school system").

Accordingly, for the reasons stated above, the undersigned finds that defendant's motion to dismiss should be granted.

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff could further amend her complaint to remedy the defects noted above. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the defects noted above, the undersigned concludes that it would be futile to grant plaintiff further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's August 28, 2015 motion to dismiss (Dkt. No. 17) be granted;

2. The amended complaint's causes of action for violation of 42 U.S.C. § 1983 and California state law be dismissed; and *7

3. Defendant be directed to file an answer to the amended complaint's Title VII and Equal Pay Act claims within 14 days of the date of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be

Dated: November 24, 2015

/s/

CAROLYN K. DELANEY

UNITED STATES MAGISTRATE JUDGE BVD/borrett0881.mtd.f&rs.docx

Make your practice more effective and efficient with Casetext's legal research suite.

Pricing

Switch

Big firm

Coverage

SmartCite

Law school

Bar associations

About us

Jobs

Blog

Twitter

Facebook

LinkedIn

Instagram

Help articles

Customer support

Contact sales

Cookie Settings

Do Not Sell or Share My Personal Information/Limit the Use of My Sensitive Personal Information

Privacy

Terms

© 2023 Casetext Inc.
Casetext, Inc. and Casetext are not a law firm and do not provide legal advice.